14-2124
*Chrebet v. Nassau County*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand fifteen.

PRESENT: RICHARD C. WESLEY,
                PETER W. HALL,
                RAYMOND J. LOHIER, JR.,
                     *Circuit Judges*.

---

WAYNE CHREBET,

                *Plaintiff - Appellant*,

      -v.-                             No. 14-2124

NASSAU COUNTY, PAUL SZYMANSKI, BOHDAN PICZAK, SCOTT TUSA, RICHARD HERMAN, BRIAN FITZGERALD, ARNOLD ROTHENBERG, RICHARD SOTO, KEVIN LOWRY, MICHAEL KRUMMENACKER,

                *Defendants - Appellees*.

---

FOR APPELLANT:        BRIAN J. SHOOT (Robert G. Sullivan, Frank V. Floriani, *on the brief*), Sullivan Papain Block McGrath & Cannavo P.C., New York, NY.

FOR APPELLEES:        DONNA A. NAPOLITANO (Joseph E. Macy, *on the brief*) Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY.

Appeal from the United States District Court for the Eastern District of New York (Hurley, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment of the district court be and

hereby is **AFFIRMED**.

Plaintiff-Appellant Wayne Chrebet brought this § 1983 due process suit

against Defendants-Appellees the County of Nassau and various individual

police officers and fire marshals.  Chrebet claimed that his restaurant was subject

to police harassment that eventually caused the firing of the restaurant's general

manager, Matthew Price, and led to its closing due to lost business.  The district

court granted summary judgment to Defendants on all claims.  In relevant part,

the district court determined that Chrebet did not have standing to assert

property-based claims because the relevant injuries were to Chrebet's

corporation, Chrebet's Inc., not to Chrebet himself.

On appeal, Chrebet principally argues that he suffered an injury to his property interests when he paid $1.325 million in compensation to the terminated employee who was the object of the police harassment. Chrebet claims he was personally liable on the employment agreement. We are not persuaded. "New York law requires that there be clear and explicit evidence of the defendant's intent to add personal liability to the liability of the entity, where entity liability is established under the agreement." *Mason Tenders Dist. Council Welfare Fund v. Thomsen Constr. Co.*, 301 F.3d 50, 53 (2d Cir. 2002) (per curiam) (internal quotation marks omitted). "The factors to be examined in assessing the signatory's intention include the length of the contract, the location of the liability provision(s) in relation to the signature line, the presence of the signatory's name in the agreement itself, the nature of the negotiations leading to the contract, and the signatory's role in the corporation." *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Legal Servs. Fund & Annuity Fund v. Lollo*, 35 F.3d 29, 35 (2d Cir. 1994).

Here, Chrebet's only evidence of his personal liability to Prince are the facts that Chrebet signed the contract in his personal capacity and that he testified that paying Prince was the right thing to do. This is not the clear

3

evidence of intent to be personally bound that is required by New York law. Chrebet's second signature is explained by the fact that the contract was also between himself and his company, Chrebet's Inc.; specifically, the contract allowed the company to use Chrebet's name and reputation. The terms of the contract do not provide for Chrebet's personal liability, and Chrebet did not submit evidence that he and Prince negotiated personal liability. Thus, Chrebet cannot establish personal liability, and his argument does not undermine the district court's conclusion.

We have considered all of Chrebet's arguments and conclude that they are without merit. For the reasons stated above, the judgment and sentence of the district court are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk